MEMORANDUM *
Asal Nazi, a native and citizen of Iran, petitions for review of orders of the Board of Immigration Appeals (“BIA”) denying her motions to reopen her removal proceedings to present evidence that she would be persecuted if returned to Iran.
1. The BIA did not abuse its discretion by denying Nazi’s first motion to reopen. In support of that motion, Nazi presented evidence that women are systematically discriminated against in Iran. As the BIA noted, much of this evidence was undated or predated her initial proceedings and, thus, failed to show that conditions in Iran had changed for the worse since Nazi initially sought relief from removal. Moreover, the BIA concluded that, to the extent the evidence established changed country conditions, it “indieate[d] primarily a crackdown on the manner of dress for women and against activists” and was insufficient to establish that Nazi was prima facie eligible for relief. Because Nazi made no showing at that time that she was an activist or would not comply with the dress code, and thus that there was some “individualized threat to persecute her,” Najmabadi v. Holder, 597 F.3d 983, 992 (9th Cir.2010), the BIA did not abuse its discretion in denying her first motion to reopen.
2. The BIA abused its. discretion, however, by denying her second motion to reopen. In support of that motion, Nazi presented evidence that the Iranian government had recently cracked down on political dissidents, violently suppressed protests following the 2009 election, and detained several Westerners who had entered the country. Evidence of the Iranian government’s increased sensitivity to, and brutal repression of, political dissent following the 2009 elections was unavailable at the time of Nazi’s original hearing, and it was material because it was “qualitatively different” from the evidence presented with her first motion to reopen. See Toufighi v. Mukasey, 538 F.3d 988, 996 (9th Cir.2008); cf. Najmabadi, 597 F.3d at 987.
That evidence was also sufficient to establish prima facie eligibility for relief. Cf. Toufighi, 538 F.3d at 996-97. In order to establish prima facie eligibility for relief, Nazi needed only to introduce evidence that “reveals a reasonable likelihood that the statutory requirements for relief have been satisfied,” Tadevosyan v. Holder, 743 F.3d 1250, 1255 (9th Cir.2014) (quoting Garcia v. Holder, 621 F.3d 906, 912 (9th Cir.2010)) — in particular, that she has a well-founded fear of future persecution on account of a protected ground, see Malty v. Ashcroft, 381 F.3d 942, 947-48 (9th Cir.2004). The BIA determined that Nazi had not established prima facie eligibility for relief. In the BIA’s view, her proffered evidence that she opposes the Iranian regime and has attended anti-regime protests in California, was insufficient to es *346 tablish that she is already known to the Iranian government as a dissident or that she is a “ ‘visible’ opposition political activist and/or dissenter” or a member of “any Iranian opposition or pro-Western group in the United States.”
Nazi introduced evidence, however, that the Iranian regime has killed, beaten, and detained ordinary protesters, not just leading dissidents or members of established, organized opposition groups. If Nazi were repatriated to Iran and continued to voice her opposition to the regime publicly, there is some likelihood that she would face persecution on account of her political opinion, regardless of whether the regime is aware that she has previously participated in protests in the United States. In light of the evidence presented before the BIA, we conclude that there is a “reasonable likelihood” that, if reopening is granted, Nazi will be able to establish a well-founded fear of future persecution either by showing that there is a “pattern or practice” of persecuting anti-regime protesters in Iran or that, in comparison to political dissidents in Iran generally, she faces a greater risk of persecution as a public protestor, a woman, and a long-time resident of the United States. See Wakkary v. Holder, 558 F.3d 1049, 1060-63 (9th Cir.2009); 8 C.F.R. § 1208.13(b)(2)(iii)(A).
3. Because we grant the petition in No. 10-70980, we need not reach Nazi’s claim that the BIA’s denial of her motions to reopen violated her Fifth Amendment right to due process of law on the ground that she was a minor at the time of her initial application, that she proceeded solely as a derivative beneficiary of her father’s application, and that she lacked an adequate opportunity to present her own claims for relief.
PETITION GRANTED in No. 10-70980; PETITION DENIED \n No. 08-70851.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.